UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 1:18-CR-210 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| ANTHONY GILBERT-BROWN, and VINCENT DESHIELDS, | : | (Electronically Filed) |
| | : | |
| Defendants. | : | |

**EXHIBITS TO UNITED STATES' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO SUPPRESS EVIDENCE**

DAVID J. FREED
United States Attorney

Christian T. Haugsby
Assistant U.S. Attorney
christian.haugsby@usdoj.gov
PA205383

Daryl F. Bloom
Assistant U.S. Attorney
Daryl.Bloom@usdoj.gov
PA73820228

Walnut Street, Suite 220
Harrisburg, Pennsylvania 17108
717/221-4482 (Office)
717/221-2246 (Fax)

Dated: June 12, 2019

# TABLE OF CONTENTS

**Exhibit Nos.**                                                                                                              **Page**

1      State Police Inventory Policy ................................................... 1

# GOVERNMENT'S EXHIBIT 1

ARRESTS, INTERROGATIONS, AND WARRANTLESS
SEARCHES AND SEIZURES

4.01   PURPOSE

This regulation establishes policy and procedures related to arrests, interrogations, and warrantless searches and seizures.

4.02   POLICY

Members and enforcement officers shall ensure that arrests, interrogations, and warrantless searches and seizures are conducted in conformance with:

A. The Constitution of the United States.

B. The Constitution of Pennsylvania.

C. Applicable statutes.

D. Applicable court decisions and case law. Relevant decisions, cases, and other subjects are discussed in the *PSP Counselor* and *The Communicator*.

E. Department policies, procedures, training documents, and materials.

4.03   RESPONSIBILITIES

A. Director, Bureau of Training and Education:

1. Ensure curriculums related to Cadet, member, and enforcement officer training, and all handouts, lesson plans, syllabuses, or other documents and materials used for such training remain in conformance with current applicable statutes, case law, and Department policies and procedures.

2. Forward copies of the documents and materials described above to the Office of Chief Counsel for review and comment at least annually. Documents and materials used in specialized training and mandatory

Exhibit 1

        in-service training shall be forwarded to the Office of Chief Counsel no less than 60 days prior to the beginning of such training.

  B.    Chief Counsel:

      1.    Ensure documents and materials described above are reviewed, and comments are forwarded to the Bureau of Training and Education, no later than 30 days from the date of their receipt.

      2.    Disseminate throughout the Department, via the *PSP Counselor* and *The Communicator*, relevant court decisions affecting existing cases or establishing new case law.

      3.    Publish and disseminate an annual index for the *PSP Counselor* throughout the Department no later than January 31 of each year.

  C.    Troop Commanders and Bureau/Office Directors shall ensure relevant court decisions, case law, and other subjects discussed in the *PSP Counselor* and *The Communicator* are brought to the attention of affected personnel under their command in a timely manner in accordance with AR 5-9, Roll Call and Staff Meetings.

  D.    Members and Enforcement Officers shall review and become familiar with the information contained in the *PSP Counselor*. Members and enforcement officers are responsible for the information contained therein.

4.04    ALTERNATIVES TO ARREST OR PREARRAIGNMENT CONFINEMENT

  A.    Alternatives: Members and enforcement officers may use alternatives to arrest or pre-arraignment confinement in the performance of duty, when appropriate, including:

      1.    Issuing a written or verbal warning.

      2.    Proceeding by citation or summons.

      3.    Filing a complaint.

Exhibit 1

    4.    Referrals to other agencies.

    5.    Release without charges.

B. Considerations: When considering whether the use of an alternative to arrest or pre-arraignment confinement is an appropriate response for a given incident or situation, members and enforcement officers shall:

    1.    Be governed by the requirements of applicable statutes; the welfare and safety of the public; and Department goals, objectives, policies, and procedures.

    2.    Strive to avoid being perceived as showing favoritism, bias, or abusing their authority.

    3.    Apply their training, experience, and sound judgment in contemplating relevant or mitigating circumstances surrounding a situation or incident.

    4.    Evaluate whether there are reasonable grounds to believe the individual will appear as required.

    5.    If necessary, consult a supervisor for additional guidance and direction.

4.05    DEFINITIONS

A. Admission: A voluntary statement, acknowledgment, or concession of the existence of a fact or truth of an allegation, made orally or in writing, which operates against the interest of the individual who made it.

B. Confession: An admission of a crime by an individual.

C. Custodial Interrogation: Questioning by words, conduct, or their functional equivalent, which is intended to elicit an admission or confession regarding an allegation from an individual in custody.

D. Custody: The arrest of an individual, or deprivation of an individual's freedom of action in any significant way.

E. Noncustodial Interrogation: Questioning by words, conduct, or their functional equivalent, which is intended to elicit an

Exhibit 1

        admission or confession regarding a crime from a suspect who is not in custody.

    F.    Interview:  A consensual conversation regarding an incident between a member or enforcement officer and a complainant, victim, witness, or other individual having information about an incident.

4.06    INTERVIEWS, INTERROGATIONS, AND ACCESS TO COUNSEL

    A.    Miranda Rights:  Members and enforcement officers shall advise individuals of their Miranda Rights prior to questioning, via the Rights Warning and Waiver, Form SP 7-0019/ SP 7- 0019B/SP 7-0019C/SP 7-0019D, or the Rights Warning and Waiver card, Form SP 7-0019A, when they are about to be subjected to a custodial interrogation.  Members and enforcement officers shall ensure individuals:

        1.    Acknowledge their understanding of their Miranda Rights prior to their being asked whether they wish to waive their rights and answer questions or make a statement.

        2.    Waiving their right to counsel have been requested to sign a Rights Warning and Waiver prior to the commencement of questioning, if possible.

        3.    Expressing a desire to talk to an attorney prior to or during questioning are afforded the opportunity to contact an attorney, and are not questioned without being given ample time to confer with the attorney.

        NOTE:  Members and enforcement officers may conduct general inquiries to ascertain basic facts or biographical data without reading Miranda Rights to the subjects of such general inquiries.

        4.    Arrested for driving under the influence of alcohol or a controlled substance are advised there is no right to counsel relative to chemical testing under the Implied Consent Law.

        5.    Who state they cannot afford to hire an attorney are afforded the opportunity to obtain a Public Defender in accordance with established local court procedures.

Exhibit 1

      6.    Who explicitly and independently express a willingness to answer questions, after initially indicating a desire to remain silent, are re-advised of their Miranda Rights.

B.    Interviews:  Miranda Rights do not apply merely because an individual becomes a suspect.  Custodial interrogation dictates when Miranda Rights must be given.  When conducting an interview, members and enforcement officers shall:

    1.    Utilize private locations, whenever possible.

    2.    Separate individuals (e.g., witnesses and suspects) who are to be interviewed regarding the same incident as soon as possible.

    3.    Endeavor to keep suspects separated prior to and during interviews and processing.

    4.    Utilize Victim/Witness Statement Forms, Form SP 7-0054, for recording written statements from individuals, when appropriate.

    5.    Remain cognizant of the fact that individuals being interviewed may convey information which would alter their status from interview subject to potential suspect.

C.    Noncustodial Interrogation:  When conducting a noncustodial interrogation, members and enforcement officers shall:

    1.    Utilize a private location, whenever possible.

    2.    Ensure individuals are aware that they are not under arrest, in custody, or being detained in any way.

    3.    At the discretion of the investigating member or enforcement officer, continue questioning, at that time or at a later time, individuals who at any time express a desire to have an attorney present during questioning, wish to remain silent, or wish to leave.  If the individual requests to leave, the individual shall be permitted to do so.

    4.    At the discretion of the investigating member or enforcement officer, ensure the Noncustodial Written Statement, Form SP 7-0074/SP 7-0074A, is properly prepared and subsequently signed by individuals in

Exhibit 1

    accordance with Department regulations, and endeavor to ensure at least one witness is present to verify the preparation and signing of the Statement, or the individual's refusal to sign the Statement.

D. Custodial Interrogation: When conducting a custodial interrogation, members and enforcement officers shall:

  1. Utilize a private location, whenever possible.

  2. Advise individuals of their Miranda Rights prior to commencing the custodial interrogation, ensure the Rights Warning and Waiver is completed, and endeavor to perform these activities in the presence of at least one witness.

  3. Immediately cease custodial interrogations of individuals who at any time express a desire to have an attorney present during questioning.

  4. Ensure a Custodial Written Statement, Form SP 7-0020/ SP 7-0020A, is prepared and subsequently signed by individuals in accordance with Department regulations, and endeavor to ensure at least one witness is present to verify the preparation and signing of the Statement, or the individual's refusal to sign the Statement.

  NOTE: When a custodial interrogation occurs prior to a preliminary arraignment, the individual's statement must be obtained within six hours of the arrest, or the statement and evidence obtained in connection with the statement will be inadmissible.

E. Audio and Video Monitoring/Recording: Audio and video monitoring and/or recording systems may be installed and utilized in interview/interrogation areas within Department facilities only when all of the following conditions have been met:

  1. Notice that all conversations are subject to audio and video monitoring and/or recording is provided to all individuals entering an area where an audio and video monitoring and/or recording system is installed.

Exhibit 1

  a. Appendage A illustrates the notice to be displayed. Appendage A may be photocopied, as needed, for posting in applicable areas within Department facilities. Appendage A contains an English version of the notice and a Spanish translation.

  b. The notice contained in Appendage A shall be posted in a location/manner which makes it clearly visible to the subject at all times while he/she is within the interview/interrogation area.

2. Prior to beginning an interview/interrogation where the audio and video monitoring and/or recording system is being utilized, the subject is informed that the interview/interrogation is being monitored and/or recorded.

NOTE: Areas equipped with audio and video monitoring and/or recording systems shall never be used for covert consensual or covert non-consensual intercepts.

**3. Any interview/interrogation where the audio and video monitoring and/or recording system is utilized shall be recorded on the proper storage media (e.g., CD-R, DVD-R) and processed, packaged, labeled, and retained/stored as evidence in accordance with AR 3-3, Storage and Security of Property.**

NOTE: Mobile video/audio recordings shall continue to be stored/retained in a securable locker/storage area as outlined in FR 6-12, Mobile Video/Audio Recording Equipment.

4.07 ==WARRANTLESS SEARCHES AND SEIZURES==

 ==A. Situations: Situations in which warrantless searches and seizures of persons and property may be justified include, but are not limited to:==

  ==1. Search by consent.==

  ==2. Stop and frisk.==

  ==3. Scene of a crime.==

-7-

Exhibit 1

       4. Exigent circumstances.

       5. Plain view.

       6. Abandonment.

       7. Custodial/inventory search.

       8. Open fields.

       9. Upon entering a PSP facility, provided the Search and Seizure Notice, Form SP 5-358, is properly posted.

B. Custodial/Inventory Searches: Seized vehicles or other property shall be inventoried and processed whenever the property is taken into possession. When a custodial/inventory search is made of a vehicle which is taken into custody through official actions of the Department, any items of value shall be removed from the vehicle, inventoried on a Property Record, Form SP 7-007, and placed in the appropriate property storage area.

   1. A custodial/inventory search is the limited, warrantless search of a vehicle conducted to protect items of property carried in the vehicle from loss during storage. A custodial/inventory search shall:

      a. Not be conducted for the purpose of gathering incriminating evidence and/or contraband. However, any evidence and/or contraband discovered during a custodial/inventory search shall be seized and may be used as probable cause to obtain a warrant to completely search the vehicle.

      b. Be conducted on every vehicle seized, confiscated, or otherwise taken into custody through official action of the Department.

      c. Be conducted on those vehicles which cannot reasonably be left where discovered:

         (1) For which an owner/agent cannot immediately be determined.

  (2) For which an owner/agent is not currently capable or willing to reasonably dispose of the vehicle.

  (3) For which the owner/agent is taken into custody.

 NOTE: When a vehicle is towed, justification for the towing shall be provided in the applicable report.

d. Be conducted at the direction of a member, regardless of whether the vehicle is stored at a Department facility or another location.

e. Be reasonable and restricted to those locations where items of value would normally be carried, including passenger areas, cargo areas, glove compartment, console, and trunk.

  (1) Any locked compartments shall be opened and searched if keys are available; however, no locks shall be broken. Seals on truck cargo areas and trailers shall not be broken to gain access.

  (2) Any unlocked or unsealed container (e.g., suitcase, backpack, box) shall be opened and searched. Any locked container shall be opened and searched if keys are available. However, no locks or seals shall be broken.

  (3) Seats shall not be removed, and the custodial/inventory search shall be conducted in a manner to avoid damage to the vehicle and its contents.

f. Not be conducted on vehicles involved in routine crashes, even when a member arranges for towing.

2. Any time a custodial/inventory search is performed, a statement to that effect shall be included in the narrative of the appropriate report.

-9-

Exhibit 1

FR 1-4
9/13/2018

> a. The statement shall specify any compartments that could not be searched because they were locked and/or could not be opened without force.
>
> b. In those instances when a custodial/inventory search is performed and nothing of value is discovered, a statement to that effect will negate preparation of a Property Record other than that which is required for the vehicle itself.

-10-

Exhibit 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 1:18-CR-210 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| ANTHONY GILBERT-BROWN, and VINCENT DESHIELDS, | : | (Electronically Filed) |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on this Wednesday, June 12, 2019, he served a copy of the attached

## EXHIBITS TO UNITED STATES' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO SUPPRESS EVIDENCE

by electronic means sent to the Defendant's attorney at the following addresses:

Addressees:
William Feterhoff
wfetterhoff@live.com

Paul Kovatch
attorneypkovatch@gmail.com & kovatchlaw@gmail.com


Dated:  June 12, 2019                /s/ Daryl F. Bloom
                                     DARYL F. BLOOM
                                     Assistant United States Attorney